UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT DROSS,

    Petitioner,

v.                                                Case No. 8:08-cv-1778-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Dross petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) and challenges his conviction for second degree grand theft, for which conviction Dross serves five years. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 13). The respondent admits the petition's timeliness (Response at 4 Doc. 13).

Pursuant to a plea agreement, Dross pleaded guilty to one count of grand theft involving more than $20,000. The one count represents a consolidation of charges, as explained by the state court in denying Dross's Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 10 at 1).

> In the instant case, on October 20, 2004, pursuant to a plea agreement Defendant pleaded guilty to Organized Fraud (Less than $20,000). The Court sentenced him to sixty (60) months probation.
>
> On July 11, 2005, the Court ordered the consolidation of cases 04-CF-020734, 05-CF-000837, 05-CF-000856, 05-CF-001394, 05-CF-00330 and 05-CF-007695 with the instant case. The State amended the Information to the charges of Organized Fraud (Over

$50,000) (Count One) and Grand Theft Third Degree ($300 - $5000) (Count Two).

On August 9, 2005, the Court granted Defendant's oral motion to withdraw his previously entered plea of guilty. The State merged count two of the amended information into count one; amending count one to the charge of Grand Theft Second Degree ($20,000 - $100,000). Pursuant to a plea agreement Defendant then pled guilty to count one and the Court sentenced him to sixty (60) months Florida State Prison, with credit, to be followed by sixty (60) months probation.

Dross alleges that the state court violated a constitutional right by imposing a harsher sentence in 2005.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Although Dross filed no direct appeal, he challenged his conviction in a Rule 3.850 motion for post-conviction relief, which the state court rejected (Respondent's Exhibit 10). The state appellate court affirmed in a per curiam decision without a written opinion (Respondent's Exhibit 15), a ruling that warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Dross bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejection of Dross's motion for post-conviction relief (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 10). Dross disputes no state court finding of fact. Consequently, Dross cannot prove that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

In 2004 Dross was sentenced to five years' probation for a single charge of organized fraud. In 2005 Dross faced several additional theft charges involving many victims. Plea negotiations resolved the additional charges by allowing Dross to withdraw his plea to the original charge and plead anew to a single count encompassing all charges. The state court sentenced Dross to five years' imprisonment followed by five years' probation. Dross alleges that imprisonment, which is a harsher sentence than the probation only sentence originally imposed, violates double jeopardy. The state post-conviction court rejected this claim as follows (Respondent's Exhibit 10 at 2).

> In his Motion, Defendant first claims that the Court put him in double jeopardy by imposing a harsher sentence after revoking his plea agreement.

> When a defendant seeks to withdraw a guilty plea and the withdrawal is accepted by the court, it is [as] if the plea was never entered. See State v. Vasquez, 918 So.2d 1016, 1017 (Fla. 2d DCA 2007). Because the original plea is treated as a nullity, a claim of double jeopardy is not congnizable [sic] when a defendant is resentenced after withdrawing his plea. Keaton v. Steinmeyer, 568 So.2d 60 (Fla. 1st DCA 1990).
>
> In the instant case, the Court granted the defense attorney's oral motion to withdraw the guilty plea. Consequently, the plea is treated as if it never existed and the Court's subsequent sentence did not put Defendant in double jeopardy.
>
> Therefore the court record conclusively refutes Defendant's claim that the Court placed him in double jeopardy.

The state law on which the court relied is consistent with federal law. See, e.g., United States v. Thurston, 362 F.3d 1319, 1323 (11th Cir. 2004) (double jeopardy offers no bar against further prosecution when guilty plea is vacated), and United States v. Baggett, 901 F.2d 1546, 1549 (11th Cir.) (successful withdrawal of guilty plea offers no double jeopardy bar to prosecution for both charges to which defendant pleaded guilty and charges dismissed in the plea agreement), cert. denied 498 U.S. 862 (1990). Consequently, Dross cannot prove that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Accordingly, Dross's petition for the writ of habeas corpus (Doc. 5) is **DENIED**. The clerk shall enter a judgment against Dross and close this case.

ORDERED in Tampa, Florida, on January 21, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE